UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PENNSYLVANIA HIGHER EDUCATION )
ASSISTANCE AGENCY, as a Servicing Agent )
for, and on behalf of, DEUTSCHE ELT/ )
SUNTRUST BANK, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:16-cv-840
 ) Judge Aleta A. Trauger
SUSAN L. HOBBS, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

Pending before the court is a Motion for Summary Judgment (Docket No. 9) filed by the plaintiff, Pennsylvania Higher Education Assistance Agency, as a Servicing Agent for, and on behalf of, Deutsche Elt/SunTrust Bank ("PHEAA"), to which the defendant, Susan Hobbs, has not responded. For the reasons discussed herein, the motion will be granted and judgment will be entered in favor of PHEAA.

## BACKGROUND AND PROCEDURAL HISTORY

On May 3, 2016, PHEAA filed this breach of contract action against Ms. Hobbs, alleging that Ms. Hobbs had defaulted on a consolidated student loan serviced by PHEAA, and seeking judgment in the amount of $41,433.07 plus pre- and post-judgment interest and attorney's fees. (Docket No. 1.) According to the Complaint, on February 3, 2002, Ms. Hobbs executed a promissory note in favor of SunTrust Bank in the amount of $76,463.58 (the "Note"). (*Id*. at ¶7.) The Note was entered into under the federal Health Education Assistance Loan program ("HEAL"), consolidating other education loans and payable to SunTrust or any subsequent holder of the note. (*Id*.) On February 26, 2002, SunTrust Bank disbursed $76,463.58 to Ms.

1

Hobbs, pursuant to the terms of the Note. (*Id*. at ¶ 8.) According to the terms of the Note, Ms. Hobbs "agreed to pay interest on the unpaid principal balance at a yearly rate of interest which may not exceed a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest one-eighth of one percent." (*Id*. at ¶ 13.)

The Complaint further alleges that, on March 7, 2006, SunTrust Bank assigned, in exchange for value, all of its rights in the Note to Deutsche Bank Trust Company Americas as the Eligible Lender Trustee (the "Loan Purchase Agreement"). (*Id*. at ¶ 9) By the terms of the Loan Purchase Agreement, Deutsche Elt/SunTrust Bank ("SunTrust") is the current holder of the Note and PHEAA is the Servicing Agent for SunTrust, authorized to undertake all collection activities related to the Note, including bringing this legal action. (*Id*. at ¶¶ 10-12.) Ms. Hobbs was granted a series of non-consecutive Temporary Hardship Forbearances and Administrative Forbearances on the Note between March 1, 2002 and April 30, 2014. (*Id*. at ¶ 17.)

Finally, the Complaint alleges that Ms. Hobbs' last payment on the Note was received by PHEAA on December 7, 2015, and Ms. Hobbs has since defaulted. (*Id*. at ¶ 14.) As of April 29, 2016, Ms. Hobbs had a balance of $41,147.11 plus accrued interest of $285.96 (totaling the 41,433.07 requested in judgment in the Complaint). (*Id*. at ¶ 16.) PHEAA has made demands in writing upon Ms. Hobbs for payment of all monies owed under the Note, but no payments have been received. (*Id*. at ¶ 18.)

On June 3, 2016, Ms. Hobbs filed an Answer, admitting all of the above allegations. (Docket No. 6 at ¶¶ 1-21.) The Answer also reserves Ms. Hobbs' right to amend and asserts the

2

following defenses: that PHEAA has failed to state a claim upon which relief can be granted; that PHEAA's claim is barred by waiver, estoppel, and the doctrine of unclean hands; that the claim is barred by the statute of limitations; that the claim is barred by a lack of consideration for the underlying contract; and that the claim should be dismissed due to the hardship provisions in the Note agreement, which provides relief from liability for extreme situations outside of the control of Ms. Hobbs. (*Id.* at ¶¶ 23-28.) No additional factual allegations are asserted in support of any of these defenses, which are all raised as boilerplate, "to avoid waiver and pending further investigation and discovery." (*Id*.)

On October 11, 2016, PHEAA filed a Motion for Summary Judgment, attaching a Memorandum in support, a Statement of Undisputed Material Facts, and a number of supporting documents, seeking entry of judgment in its favor. (Docket No. 9.) The Statement of Undisputed Material Facts recounts the facts exactly as alleged in the Complaint, with citations to supporting evidence in the record. (Docket No. 9-1.) The only substantive change is that the Statement of Undisputed Material Facts updates the amount owed to reflect the time that has passed, indicating that, as of October 3, 2016, the accrued interest to date had risen from $285.96 to $614.80 (with the principal balance the same as indicated in the Complaint, for a total balance due of $41,761.91). (*Id*. at ¶ 14.) A cursory review of the documents in the record confirms the facts as recounted above. (*See* Docket Nos. 9-3 to 9-8.) The Note, signed by Ms. Hobbs, states: "In the event of my default on this loan, the entire unpaid loan including interest due and accrued shall, at the option of the holder of this Note, become immediately due and payable." (Docket No. 9-3 at p. 2.) The Note also indicates that Ms. Hobbs is responsible for attorney's fees and costs accrued by PHEAA that are necessary for the collection of any amount not paid when due. (*Id*.; *see also* Docket No. 9-7 (Affidavit of Christina Mayersky) at ¶ 18.)

Ms. Hobbs has not filed any response to PHEAA's Motion for Summary Judgment or Statement of Undisputed Material Facts.

## SUMMARY JUDGMENT STANDARD

Rule 56 requires the court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To win summary judgment as to the claim of an adverse party, a moving defendant must show that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim. Once the moving defendant makes its initial showing, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Conversely, to win summary judgment as to its own claims, a moving plaintiff must demonstrate that no genuine issue of material fact exists as to all essential elements of her claims. "In evaluating the evidence, the court must draw all inferences in the light most favorable to the non-moving party." *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At this stage, "'the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient," and the party's proof must be more than "merely colorable." *Anderson*, 477 U.S. 242, at 252. An issue of fact is "genuine" only if a reasonable jury could find for the non-moving party. *Moldowan*, 578 F.3d at 374 (citing *Anderson*, 477 U.S. at 252).

## ANALYSIS

Ms. Hobbs has not responded to the pending Motion for Summary Judgment, though the deadline has passed. (*See* Local Rule 56.01(a)). Nevertheless, the court may not grant summary judgment solely on the ground that the non-moving party has failed to respond. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden. . . . The federal rules require that the party filing a motion for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact.

*Id*. (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The court, therefore, will consider whether PHEAA has met its burden under the summary judgment standard.

The court accepts as true the facts as stated above because 1) Ms. Hobbs admitted these facts in her Answer, and 2) Ms. Hobbs did not respond to PHEAA's properly supported Statement of Undisputed Material Facts. See Local Rule 56.01(g) ("Failure to respond to a moving party's statement of material facts . . . within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.") There is, therefore, no dispute that Ms. Hobbs has breached the terms of the Note and is in default. By the terms of the Note, PHEEA may now collect the full amount owed plus interest. This is a straightforward breach of contract action to collect on a defaulted student loan, and the Sixth Circuit has affirmed summary judgment in favor of the lender where there is no dispute that the loan was issued and the borrower defaulted. See *United States v. MacDonald*, 25 F.3d 1051 (6th Cir. 1994). Accordingly, the court will grant PHEAA's motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is hereby **GRANTED**.

The Clerk of court shall enter judgment in favor of PHEAA in the amount of $41,761.91, plus interest on the balance owed to be calculated as per the terms of the Note and accruing from October 3, 2016 until the balance is paid, plus attorney's fees and costs. Counsel for PHEAA shall file a properly supported motion for attorney's fees and costs for the court's consideration.

It is so **ORDERED**.

Enter this 22nd day of November 2016.

                                              ALETA A. TRAUGER
                                              United States District Judge